UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CIVIL NO. 07-89-KKC

MARIO D. MILES                                                                                          PETITIONER

VS:                                          RECOMMENDED DECISION

JOHN REES, COMMISSIONER,
KENTUCKY DEPARTMENT OF
CORRECTIONS, COMMONWEALTH
OF KENTUCKY; MICHAEL JONES,
JUDGE, ROBERTSON CIRCUIT COURT;
SPRINGFIELD, TENNESSEE;
STATE OF TENNESSEE                                                                               RESPONDENTS

\* \* \* \* \* \* \* \*

Mario D. Miles filed the instant petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. *See* DE#1. Miles proceeds *pro se*.[1] His petition alleges violation of the Interstate Agreement on Detainers Act ("IAD").[2]

---

[1] The *pro se* nature of the petition results in a comparatively lenient construction by the Court. *See Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985)(holding that "allegations of a pro se habeas petition, 'though vague and conclusory, are entitled to a liberal construction,'" including "active interpretation" toward encompassing an allegation stating "federal relief").

[2] The IAD is a compact between the states, the District of Columbia, and the federal government. *See Jenkins v. United States*, 394 F.3d 407, 412 (6th Cir. 2005). "The purpose of the agreement is to establish 'cooperative procedures' to 'encourage the expeditious and orderly disposition of charges' outstanding in one jurisdiction against a prisoner who is 'already incarcerated' in another jurisdiction." *Id*. at 413 (quoting 18 U.S.C. app.2 § 2 art. I.).

The District Court referred the petition to the undersigned for a report and recommendation. The matter is pending for initial review. *See* 28 U.S.C. §2243; Rules 1(b) and 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts.

*Factual Background*

Miles is presently confined by the Kentucky Department of Corrections ("KDOC") at the Bell County Forestry Camp in Pineville, Kentucky. The Robertson (Tennessee) Circuit Court lodged a detainer[3] against Miles on or about May 16, 2006 in connection with outstanding criminal charges in Tennessee. Pursuant to his rights under the IAD, Miles requested "final disposition" of all untried charges in Robertson Circuit Court on or about September 9, 2006. *See* DE #1 (Addenda to Petition); 18 U.S.C. app.2 § 2 art. III(a); *see also Norton v. Parke*, 892 F.2d 476, 480 (6th Cir. 1989).

According to the IAD, Tennessee had 180 days to commence proceedings against Miles following a proper request[4] for final disposition under the Act. *See* 18 U.S.C. app. 2 § 2 art. III(a).

---

[3] A detainer is a "request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or notify the agency when the release of the prisoner is imminent." *Norton v. Parke*, 892 F.2d 476, 477 n.1 (6th Cir. 1989)(quoting *Carchman v. Nash*, 105 S.Ct. 3401, 3403 (1985)).

[4] Generally, a prisoner must strictly comply with IAD procedures to successfully invoke his rights under the Act. *See Parke*, 892 F.2d at 480-81. Prisoners may use IAD Form II to submit their requests for final disposition. *See id.* at 480. A "certificate of the appropriate official having custody of the prisoner" must also accompany the request. *See id.*; *see also* 18 U.S.C. app. 2 § 2 art. III(a). Strict compliance with these IAD procedures is excused, however, when the prisoner has exercised every possible effort to comply with the IAD and the custodian state is responsible for the prisoner's default. *See Parke*, 892 F.2d at 481.

Miles apparently completed his request for final disposition on the standard IAD Form II, and attached a copy of the request to his § 2241 petition. The record does not reflect whether the necessary "certificate" accompanied the Form II request. Assuming the "appropriate official" included this certificate with Petitioner's request for final disposition, it appears Miles properly

Petitioner alleges the 180 day period elapsed without action by the State of Tennessee. Failure to abide by the IAD time limitations invalidates the indictment, information, or complaint relating to the untried charges and the underlying detainer. *See* 18 U.S.C. app.2 § 2 art. V(c).

Consequently, Petitioner states that he "initiated a series of requests" with the KDOC to lift the detainer against him after the 180 day period expired, but the KDOC neglected his repeated demands. It appears Petitioner's unsuccessful correspondence with the KDOC was his only effort to redress the IAD violation. Other than the original request for final disposition, Miles does not allege that he pursued further legal action in Robertson Circuit Court.

As a result of the inaction in this matter, Miles now claims the State of Tennessee and the Commonwealth of Kentucky are in violation of the IAD. Miles filed the instant habeas petition on March 15, 2007, which names the State of Tennessee, the Commonwealth of Kentucky, KDOC Commissioner John Rees, and Robertson Circuit Court Judge Michael R. Jones as respondents. *See* DE# 1. In accordance with the IAD, he urges this Court to issue a writ of habeas corpus directing the State of Tennessee and Robertson Circuit Court Judge Jones to dismiss the outstanding criminal charges and the KDOC Commissioner to "lift any and all detainers." *See id*. Because the Court currently screens the petition, no respondent has yet appeared.

*Discussion*

The instant petition raises significant initial screening concerns regarding the exhaustion of available state judicial remedies, the proper forum, and the proper respondents for this § 2241 action. Ultimately, the Court finds Petitioner's failure to exhaust state remedies precludes further review and relief at this time. In the interest of efficiency, however, the Court will address the remaining

---

invoked his rights under the IAD.

procedural concerns should Petitioner return to this federal court.

*a) Exhaustion of Available State Remedies*

Miles is presently in custody, but his petition is challenging untried charges. Because this action involves a "pretrial petition," § 2241 is the proper statutory basis. *See Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir. 1981). Unlike § 2254, §2241 does not mandate exhaustion of state remedies. *See Cameron v. Taylor*, 2007 WL 542377, at *5 (D.N.J. Feb. 16, 2007). However, the exhaustion requirement is a judicially-crafted doctrine that applies to the IAD claim raised in the instant § 2241 petition. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 93 S.Ct. 1123, 1127 (1973); *Parke*, 892 F.2d at 479.

In the context of "pretrial petitions" under § 2241, "the exhaustion requirement ... is satisfied when the petitioner has availed himself fully of the state machinery in attempting to have the state commence trial on the charges pending against him." *Atkins*, 644 F.2d at 547. The Court believes state judicial remedies remain unexhausted in this case.

Here, after the 180 day IAD period expired, Miles purportedly "initiated a series of requests" with the KDOC to lift the detainer, which Miles contends the KDOC ignored. Although Tennessee is a member to the IAD compact, and Tennessee courts have enforced the IAD provision at issue, Miles does not allege and the record does not reflect that he pursued state legal action in Tennessee following the IAD violation–not even a motion to dismiss the charges or indictment. *See* Tenn. Code Ann. § 40-31-101; *see*, *e.g.*, *Nelms v. State*, 532 S.W.2d 923 (Tenn. 1976); *State v. Gipson*, 670 S.W.2d 637 (Tenn. Ct. App. 1984).

In the Court's view, Miles has not "availed himself fully of the state machinery" under these circumstances. *See Atkins*, 644 F.2d at 547; *see also Anaya v. Tennessee Dep't of Corr.*, 1986 WL

8844, at *1-2 (E.D. Tenn. June 6, 1986). Plainly, state procedures exist to remedy the alleged IAD violation that Miles must first exhaust. *See Anaya*, 1986 WL 8844, at *1-2. As such, the Court directs Petitioner to initiate proceedings in Robertson Circuit Court, in the nature of a motion to dismiss based on a violation of the IAD, as enacted by Tennessee. *See Schofs v. Wardn, FCI Lexington*, 509 F.Supp. 78, 81 (E.D. Ky. 1981); *see also Anaya*, 1986 WL 8844, at *1-2.

This outcome is consistent with at least one prior decision by this Court. *See Schofs*, 509 F.Supp. at 81. In *Schofs*, a habeas petitioner imprisoned under federal custody in the Eastern District of Kentucky requested this Court to quash a detainer lodged against him by the State of Connecticut and to dismiss the underlying Connecticut charges. *See id*. at 79. This Court initially directed the petitioner to "initiate proper proceedings in Connecticut" before the Court would consider the petitioner's motion to quash. *See id*. at 81. This Court explained that "[e]xhaustion of available state court remedies, not including a return for trial, is still required." *See id*.

Moreover, it appears the Act itself designates the Robertson Circuit Court as the appropriate forum to address the alleged IAD violation. The IAD provides that the "court of the jurisdiction where the indictment, information, or complaint has been pending shall enter an order dismissing the same with prejudice" if the 180 day limit is violated. *See* 18 U.S.C. app. 2 § 2 art. V(c); Tenn. Code Ann. § 40-31-101 art. V(c). In addition, this Court has recognized a preference toward processing by the charging jurisdiction under the IAD in an earlier decision, which observed that the IAD does not explicitly extend authority to courts in the sending/custodial jurisdiction to invalidate a detainer or dismiss another jurisdiction's charges. *See Tungate v. Thoms*, 199 F.Supp.2d 608, 620 (E.D. Ky.), *affm'd in relevant part*, *vacated in part*, 45 Fed. Appx. 502 (6th Cir. 2002).

Finally, dismissal of the untried charges under the IAD is a drastic remedy that would

certainly disrupt the pending state court action. *See Atkins*, 644 F.2d at 546. The doctrine of comity, which underlies the exhaustion requirement, suggests that Tennessee state courts should have the first opportunity to enforce the alleged IAD violation and avoid unnecessary federal intrusion. *See Anaya*, 1986 WL 8844, at *1.

For all these reasons, the Court recommends that the § 2241 petition be dismissed without prejudice. Miles should first exhaust available state remedies by initiating proper proceedings in Robertson Circuit Court to dismiss the charges or indictment under the IAD. In addition, Petitioner must pursue his state IAD claim through the state's highest court, as ordinarily required by the exhaustion rule.[5] *See*, *e.g.*, *Cameron v. Taylor*, 2007 WL 542377, at *5 (D.N.J. Feb. 16, 2007). Miles may return to federal court when he has exhausted available state remedies.

Below, the Court reaches the remaining procedural issues, if subsequent federal habeas relief should become necessary.

*b) Jurisdictional and Forum Considerations*

This Court has habeas corpus jurisdiction because Petitioner is confined in the Eastern District of Kentucky. *See Braden*, 93 S.Ct. 1123, 1131 n. 15 (1973). However, the habeas petition is challenging a detainer lodged by the Robertson Circuit Court in Springfield, Tennessee. As a result, the district court in the state which lodged the detainer has concurrent habeas corpus jurisdiction. *See id.*

---

[5] However, exhaustion *may* occur without the state's highest court or the state trial court reviewing the IAD claim. In *Schofs*, this Court concluded the petitioner satisfied the exhaustion requirement when he attempted to initiate state proceedings but the state trial court refused to take action in the matter. *See Schofs*, 509 F.Supp. at 81.

The Supreme Court has explained that the court in the district of confinement "will not in the ordinary case prove as convenient as the district court in the State which has lodged the detainer." *See id*. Since Miles asserts a standard IAD claim, *Braden* suggests that the Middle District of Tennessee is the more convenient forum to address this matter. *See id*. Therefore, the Court, in all likelihood, would transfer this action to the Middle District of Tennessee should Miles return to federal court in the Eastern District of Kentucky. *See id*. ("Where a prisoner brings an action in the district of confinement attacking a detainer lodged by another State, the court can, of course, transfer the suit to a more convenient forum.").

In addition to convenience, the IAD and federal case law further indicate that this Court is not the appropriate forum to grant the *full* order of relief requested by Miles. Namely, Miles requests that the Court dismiss the outstanding Tennessee charges *and* remove the underlying detainer. The IAD does not explicitly grant authority to courts in the sending/custodial jurisdiction to render either form of relief requested by Miles. *See Tungate*, 199 F.Supp.2d at 620 ("The IAD does not explicitly grant authority to courts in the sending/custodial jurisdiction to render a detainer invalid or to dismiss another jurisdiction's charges underlying the detainer.").

However, federal courts, including this one, have recognized that the sending jurisdiction may quash a detainer lodged by another state under limited circumstances. *See Schofs*, 509 F.Supp. at 81-82; *Tungate*, 199 F.Supp.2d at 620; *Degina v. Carlson*, 1986 WL 15401, at *5 (D. Conn. Dec. 22, 1986). There is no precedent that would permit this Court, as the sending jurisdiction, to *dismiss* the untried charges. *See Degina*, 1986 WL 15401, at *3. Thus, even if the Court did not transfer this case pursuant to *Braden*, the Court may lack authority under the IAD and federal case law to grant the full measure of relief that Miles seeks. To ensure that the reviewing court is competent

7

to award both forms of relief, this Court would urge Miles to file any subsequent federal habeas petition in the Middle District of Tennessee.

### *c) Proper Respondents*

Petitioner names multiple respondents in this action, including the State of Tennessee, the Commonwealth of Kentucky, and two state officials. The Eleventh Amendment prohibits federal courts from entertaining suits between states and private parties. *See Edelman v. Jordan*, 94 S.Ct. 1347, 1355-56 (1974). Thus, the Commonwealth of Kentucky and the State of Tennessee are not proper defendants/respondents in this matter.

The Eleventh Amendment also bars suits for monetary relief against state officials sued in their official capacity. *See Thiokol Corp. v. Dep't of Treasury, State of Mich.*, 987 F.2d 376, 381 (6th Cir. 1993). However, constitutional protection for state officials acting in their official capacity does not extend to actions that involve prospective injunctive or declaratory relief. *See id*. Because the petition in this case does not request monetary damages, the state officials named in this action (Commissioner Rees and Judge Jones) may theoretically be named in their official capacities for the requested relief.

Finally, an application for writ of habeas corpus *must* name the person who has custody over the Petitioner. *See* 28 U.S.C. § 2242. Under federal law, the petitioner's custodian is the warden or director of the facility imprisoning the petitioner. *See In re Hanserd*, 123 F.3d 922, 925 n.2 (6th Cir. 1997). As such, the warden at the Bell County Forestry Camp is a necessary respondent to any federal habeas claim relative to Petitioner.

*Recommendation*

For all of the reasons stated in this decision, the Court **RECOMMENDS** that:

1) the District Court dismiss, without prejudice, the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, *see* DE# 1;

2) the District Court refuse, without exception, a certificate of appealability; and,

3) the Clerk properly serve this Recommended Decision to Petitioner.

The Court directs Petitioner to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of said statute. As defined by § 636(b)(1) and local rule, within ten days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court.

This the 18th day of April, 2007.

Signed By:
Robert E. Wier   REW
United States Magistrate Judge